IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE MILLS, | 2:08-cv-0815-GEB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CYNTHIA RAYVIS, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a state prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983. The court entered final judgment of dismissal on August 5, 2008. Pending before the court is plaintiff's request to reopen the case (Doc. 13), filed on August 18, 2008.

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment). The

/ / /

/ / /

1

motion must be filed no later than ten days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2]  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  A motion for reconsideration on any of these ground must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).

/ / /

/ / /

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 10-day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 10-day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

1           In this case, plaintiff seeks reconsideration of the August 5, 2008, final judgment apparently based on surprise. Therefore, his motion is construed as brought under Rule 60(b)(1). In particular, plaintiff asserts that he never received the court's June 9, 2008, findings and recommendations that this action be dismissed for failure to resolve the fee status for the case. The court does not find that relief from judgment is warranted. First, while the docket reflects that the findings and recommendations were returned because plaintiff was "Out to Medical," plaintiff failed to inform the court of any change of address. Second, plaintiff failed to comply with the court's April 24, 2008, order requiring plaintiff to resolve the fee status for this case and does not attempt to do so with his current filing.

           Accordingly, IT IS ORDERED that plaintiff's request to reopen this case (Doc. 13) is denied and this case remains closed.

Dated: September 25, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge